UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

James Patrick Hart, Jr.,

        Plaintiff,

  v.

Commissioner of Social Security,

        Defendant.

**Decision and Order**

18-CV-595 HBS
(Consent)

---

## I.  INTRODUCTION

  The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. Nos. 6, 8, pages hereafter cited in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 8, 12.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that he was not entitled to Disability Insurance Benefits under Title II of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

## II.  DISCUSSION

  "The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.*

For purposes of Social Security disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).

Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that the claimed impairments will prevent a return to any previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

2

Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the Administrative Law Judge ("ALJ") must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing past relevant work; and

(5) whether the impairment prevents the plaintiff from continuing past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry, supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry then the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing past work, the ALJ is required to review the plaintiff's residual functional capacity ("RFC") and the physical and mental demands of the work done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e). The ALJ must then determine the individual's ability to return to past relevant work given the RFC. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Of the various issues that plaintiff has raised, the issue that draws the Court's immediate attention concerns several work status forms that plaintiff's treating physician completed in 2014

3

and 2015. Between July 2014 and April 2015, Dr. Edward O'Brien III filled out seven forms for the Buffalo Fire Department titled "Injury-Work Status/Duty Restrictions." [591, 592, 593, 594, 605, 608, 615.] To be more precise, Dr. O'Brien filled out the same form for plaintiff on seven different occasions, to address the following injuries that the ALJ later recognized as severe impairments: lumbar spine disorder with radiculopathy, leff ankle disorder status post remote fracture, and chronic pain syndrome. The one-page form appears to be focused primarily on advising the Buffalo Fire Department as to when a firefighter can return to full firefighter duties. Above the line for an approximate date of return, however, sits a section that allows a treatment provider to advise as to whether a firefighter can return to light duty work with any notable restrictions. Five checkboxes appear that allow a treatment provider, in simple yes-or-no fashion, to decide whether a firefighter can answer phones, sit, stand, walk, or drive. An additional check box allows the treatment provider to address whether a firefighter can lift or carry 10 pounds with both arms. A blank line allows the treatment provider to add any other restrictions not addressed by the checkboxes. Seven times in 2014 and 2015, Dr. O'Brien answered no to any light-duty abilities and concluded that plaintiff was permanently disabled and never would return to full firefighter duties. The ALJ did not consider these seven forms, which appear in Exhibit 21F of the record, at all. The Commissioner implicitly acknowledges the omission. (*See* Dkt. No. 12-1 at 16 ("While the ALJ could have been more explicit in her discussion of Dr. O'Brien's statements to the Buffalo Fire Department . . . .").) The Commissioner attempts to mitigate the omission in two ways. First, the Commissioner argues that the ALJ made a general statement about considering "the entire record." Second, the Commissioner argues that the ALJ considered other opinions from Dr. O'Brien that were similar, making any omission of these seven forms harmless error.

4

While the detail in the record makes this issue a close call, plaintiff makes the better argument by pointing out the lack of consideration of the seven forms. The ALJ's decision explicitly cites consideration of Exhibit 6F when considering Dr. O'Brien's opinions. Exhibit 6F, *inter alia*, contains two other copies of the same form, filled out in late 2013 by physician assistant Sue Brown—another treatment provider given great weight by the ALJ. [25.] By the very fact that the ALJ was willing to consider the form at all, the ALJ implicitly acknowledged that the form contains useful information about plaintiff's RFC.[1] This acknowledgment is consistent with other cases noting that even simple forms that contain some information about a plaintiff's RFC should be given some consideration. *See Barbera v. Barnhart*, 151 F. App'x 31, 33 (2d Cir. 2005) (summary order) ("With respect to the magistrate judge's third point—that opinions contained in a doctor's excuse from work should be entitled to less than controlling weight—whether or not this would be a valid reason for discounting Dr. Fredrickson's opinions, it was not a reason that the ALJ gave. A reviewing court may not supply reasons to justify an agency determination.") (citation omitted); *Velez Santiago v. Colvin*, No. 3:16-CV-338 (JCH), 2017 WL 618442, at *13 (D. Conn. Feb. 15, 2017) (ALJ permitted to extrapolate RFC information from a "Consultation / Referral Form" stating that plaintiff worked as a landscaper); *Niles v. Astrue*, 32 F. Supp. 3d 273, 286 (N.D.N.Y. 2012) (insufficient consideration of a treating physician's "Medical Source Statement of Ability to Do Work–Related Activities (Physical) form"); *Knorr v. Colvin*, No. 6:15-CV-06702(MAT), 2016 WL 4746252, at *13 (W.D.N.Y. Sept. 13, 2016) ("The Court recognizes that the ALJ is not required to accept as dispositive the opinion of Dr. Ameduri, or any other physician for that matter, that

---

[1] The parties do not contest that the ALJ could properly disregard any statements in any of these forms about the ultimate issue of disability. *See, e.g., Snell v. Apfel*, 177 F.3d 128, 133–34 (2d Cir. 1999) ("The final question of disability is, as noted earlier, expressly reserved to the Commissioner.") (citation omitted).

Plaintiff is '100 percent disabled' or 'totally disabled.'  However, Dr. Ameduri's November 2010 and January 2015 medical source statements do not opine on the ultimate question of disability.  Rather, as requested on the forms, Dr. Ameduri assessed Plaintiff's ability to perform various work-related functions and provide an opinion as to the exertional and non-exertional limitations caused by Plaintiff's severe impairments and resultant symptoms.").  The acknowledgment also puts the ALJ in the position of having considered at least two of these forms but having overlooked at least seven others.

A remand will resolve the inconsistency.  The Court takes no position at this time as to how the inconsistency ought to be resolved or what impact the resolution might have on the ALJ's original conclusion.  The Court also will not address at this time any other issues that the parties have raised.  Upon remand, the Commissioner is free to take a look at plaintiff's other issues as might be appropriate.

### III. CONCLUSION

For the above reasons, the Court denies the Commissioner's motion (Dkt. No. 12).  The Court grants plaintiff's cross-motion (Dkt. No. 8) in part to vacate the Commissioner's final decision and to remand the matter for further proceedings consistent with this Decision and Order.  The Court denies plaintiff's cross-motion to the extent that it seeks any other relief.

The Clerk of the Court is directed to close the case.

SO ORDERED.

                                                    __/s Hugh B. Scott_____
                                                       Hon. Hugh B. Scott
                                                       United States Magistrate Judge

DATED: July 31, 2019